Filed 1/23/25  Murphy v. Arnel Management Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW MURPHY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ARNEL MANAGEMENT COMPANY,<br><br>    Defendant and Respondent. | G063269<br><br>(Super. Ct. No. 30-2022-01279156)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed.

Andrew Murphy, in pro. per., for Plaintiff and Appellant.

Kimball, Tirey & St. John, Abel Ortiz, and Jozef G. Magyar for Defendant and Respondent.

\*          \*          \*

Andrew Murphy filed a lawsuit against respondent Arnel Management Company (Arnel) for breach of contract and breach of the implied covenant of good faith and fair dealing. Murphy alleged he and Arnel had an agreement by which he could stay in his rented premises if Arnel did not increase his rent. After allowing one amendment to Murphy's complaint, the trial court sustained Arnel's demurrer without leave to amend and dismissed the case. The trial court found that the alleged contract was barred by the statute of frauds.

On appeal, Murphy argues the trial court erred because the alleged agreement was enforceable under an exception which allows a contract covered by the statute of frauds to be enforced if it is fully performed. He also contends the trial court should have allowed him leave to amend his pleading. We affirm the judgment because Murphy has shown no error.

STATEMENT OF FACTS[1]

Murphy rented an apartment through or from Arnel starting in May 2015.[2] Around April of 2021, Murphy e-mailed Arnel's agent or representative offering to stay in his apartment after the expiration of his lease if Arnel would not raise his monthly rent of $1620. Arnel did not explicitly accept or reject Murphy's offer. After Murphy's lease expired, Arnel did not offer a new lease. Instead, it continued to accept the same rent Murphy had been paying under his lease.

---

[1] These facts are taken from Murphy's first amended complaint, the operative pleading to which the demurrer in question was sustained.

[2] Murphy never explicitly alleged that Arnel was his landlord, but neither side seems to dispute that there is a landlord-tenant relationship. We therefore presume Arnel was the landlord of the leased premises.

This went on for a year. In June 2022, Arnel increased Murphy's rent. Murphy was eventually evicted.

PROCEDURAL HISTORY

Murphy filed suit on September 7, 2022. His original complaint alleged claims for breach of contract and promissory estoppel.[3] Arnel filed a demurrer to the complaint. The trial court sustained the demurrer on May 2, 2023, finding the alleged contract was within the statute of frauds, and Murphy had not made a showing that any exception to the statute of frauds was applicable. Specifically, the trial court found Murphy had not alleged full or part performance of the contract. The court allowed Murphy 20 days' "final leave to amend."

On May 5, 2023, Murphy filed his first amended complaint. The amended complaint removed the promissory estoppel allegations and added a claim for breach of the implied covenant of good faith and fair dealing. Arnel again filed a demurrer, as to both causes of action. Arnel argued the contract was uncertain and was unenforceable under the statute of frauds. The trial court sustained the demurrer without leave to amend and dismissed the complaint.

DISCUSSION

I.

STANDARD OF REVIEW

"'On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, the appellant "has the burden to show

---

[3] The original complaint was not included in the clerk's transcript on appeal, so we take judicial notice of the pleading as a record of the trial court. We also take judicial notice of the trial court's ruling on Arnel's demurrer to the pleading.

either [that] the demurrer was sustained erroneously or that to sustain the demurrer without leave to amend constitutes an abuse of discretion." [Citation.]' (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829–1830.) Because a general demurrer raises only a pure question of law—whether the facts set forth in the challenged pleading are sufficient to constitute a cause of action—a reviewing court considers it without deference to the trial court. (*Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1114 (*Leko* ); see Code Civ. Proc., § 430.10, subd. (e).) In doing so it examines the allegations of the challenged pleading, as supplemented by matters of which judicial notice is taken. (*Leko, supra*, at p. 1114.) The court must accept as true all well-pleaded allegations of material fact, 'but not contentions or conclusions of fact or law.' (*Berry v. City of Santa Barbara* (1995) 40 Cal.App.4th 1075, 1082.)" (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 866-867.)

## II.

### MURPHY DID NOT ALLEGE AN ENFORCEABLE AGREEMENT WITH ARNEL

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.) A contract cannot exist without mutual consent and sufficient consideration. (Civ. Code, § 1550.) "It is hornbook law that '[d]oing or promising to do what one already is legally bound to do cannot be consideration for a promise.' (*Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 32 (dis. opn. of George, C.J.[]); accord, *Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1040; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 218, p. 251; see Civ. Code, § 1605 [defining good consideration as

4

'[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor'].)" (*Dole Food Co., Inc. v. Superior Court* (2015) 242 Cal.App.4th 894, 911.)

According to the allegations in Murphy's amended complaint, his original lease term had expired when he offered to stay in the premises in exchange for no increase in rent. Arnel consented to him holding over by accepting payment of rent, and the tenancy converted to a month-to-month periodic tenancy. "If a lessee holds over after the expiration of his term and his lessor accepts monthly rental payments in the amount of the payments which the lessee had been making under the lease, the lessee becomes a tenant from month to month." (*Renner v. Huntington-Hawthorne Oil & Gas Co.* (1952) 39 Cal.2d 93, 102; see also Civ. Code, § 1944 ["A hiring of lodgings or a dwelling house for an unspecified term is presumed to have been made for such length of time as the parties adopt for the estimation of the rent. Thus a hiring at a monthly rate of rent is presumed to be for one month. In the absence of any agreement respecting the length of time or the rent, the hiring is presumed to be monthly"].)

The terms Murphy alleges do not indicate a bargained-for exchange between himself and Arnel which would constitute a contract. At the end of his lease term, Murphy became a holdover tenant with a month-to-month tenancy. In order to remain in the residence, Murphy already had to pay the same monthly rent he had heretofore paid. He conferred nothing of value on Arnel by remaining on the premises at the same amount of rent he was already legally required to pay. The alleged contract thus fails for lack of

5

consideration. Arnel was legally permitted to increase the rent with appropriate notice, notwithstanding the terms Murphy alleged.

In his opening brief, Murphy appears to acknowledge the possibility of a month-to-month tenancy, and correctly notes that the statute of frauds would not apply to a lease for a term less than one year. (See Civ. Code, §1624, subd. (a)(3).) However, Murphy contends any month-to-month tenancy was subject to a condition not to raise the rent. This is an inaccurate statement of the law. "When the tenant is in possession as a periodic tenant, the landlord can modify the terms of the tenancy, such as by increasing the rent to be paid, only by giving a notice of the modification to the tenant. The notice of modification must be served on the tenant in the same manner that the landlord is required to serve a notice terminating the tenancy where the tenant is not in default." (10 Miller & Starr, Cal. Real Estate (4th ed. 2023) § 34:74, p. 237.)

In sum, even if the statute of frauds did not apply to the agreement he alleges, Murphy's allegations show the parties never agreed, as a matter of law, to the terms he claims.

III.

IN DENYING MURPHY FURTHER LEAVE TO AMEND HIS COMPLAINT, THE TRIAL COURT WAS WITHIN ITS DISCRETION

"Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law." (*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436.) Such is the case here.

Murphy has not shown there was any error in the trial court's determination to sustain the demurrer without leave to amend. Once Murphy's lease ended, he became a holdover tenant and was obligated to pay

6

his existing rent by operation of law in order to remain in the demised premises. Arnel's acceptance of the rent thus did not create a new agreement. He has not shown how he would amend his complaint this time, but we do not see how he could amend in order to get around this problem in any event. The trial court already gave Murphy one opportunity, and he was unable to allege a colorable claim. Therefore, the trial court was well within its discretion to deny further leave to amend the second time around.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to recover its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.